OPINION OF THE COURT — by
Chief Justice TURNER.
This is an action of debt, brought on a prison bound bond, against the principal and securities. The defendants below pleaded two pleas; 1st. Nil debet; and 2nd. A special plea in bar, of recovery in foreign attachment. To both which the plaintiff demurred, and the defendant joined in demurrer. The court below sustained the demurrer to the 1st. plea, but overruled it as to the second, and entered up final judgment against the plaintiff below, who appealed to this court. Various errors are assigned which relate principally to the form of the defendant’s second plea in bar. But the court deems it unnecessary to consider of any but the 6th error assigned, to wit: “upon the overruling of the plaintiff’s demurrer, the j udgment of the court should have been respondeat ouster.”
The case is submitted without argument, and is decided on the 6th error. The directions of the statute found in the Rev. Code, p. 120 Sec. 66. have not been compliéd with. The act provides; “Si the plaintiff in any suit or action shall demur to the plea of the defendant, and the demurrer be sustained, on joinder and argument, the judgment of the court shall be respondeat ouster.” The demurrer in this case was sustained to the 1st plea. 1
Now, it may have beén, that the defendant did not wish to add another plea in lieu of his 1st, as his 2nd plea was sustained, and it is questionable whether a plaintiff can sustain an appeal, or writ of error, unless he can show that the error is to his prejudice. Those points, howerer, are not made in the brief of the counsel; the court therefore considers, that the judgment below be reversed, that the defendant have leave to plead do no eo to the merits, and that the cause be remanded for further proceedings.